JOSEPH H. HUNT
Assistant Attorney General
MARCIA BERMAN
Assistant Director, Federal Programs Branch
ALEXANDER V. SVERDLOV
   (New York Bar No. 4918793)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Tel. (202) 305-8550
alexander.v.sverdlov@usdoj.gov

*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON
### AT SPOKANE

| | |
|---|---|
| STATE OF WASHINGTON, | Case No. 2:20-cv-00182-TOR |
| Plaintiff, | **DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO EXPEDITE** |
| v. | |
| BETSY DEVOS, *et al.*, | |
| Defendants. | |

Defendants, Betsy DeVos, in her official capacity as Secretary of the United States Department of Education, and the United States Department of Education (the Department) respectfully oppose the June 24, 2020, motion to set an expedited briefing schedule for partial summary judgment filed by Plaintiff, State of Washington (Washington). *See* Pl. Mot. Expedite, ECF No. 33 (Pl. Mot.). Because the kind of piecemeal litigation Washington proposes is inefficient and unjustified, the Court should reject it, and instead establish a schedule for resolving this case in its entirety.

Washington's motion makes clear that Washington intends to seek final judgment on the question of whether 8 U.S.C. § 1611 applies to funding distributed by the Department as part of the CARES Act. *Id.* By Washington's admission, such a judgment would not resolve the entire case. *Id.* at 3. In fact, entering judgment on the section 1611 question, which is nowhere articulated in Washington's complaint, would still leave *all five* counts of Washington's complaint outstanding. *See generally* Compl. ¶¶ 84–104, ECF No. 1 (listing five counts, none of which are specific to the bar established in section 1611). Such "[p]artial judgments are disfavored." *Doe v. City of San Diego*, 313 F. Supp. 3d 1212, 1224 (S.D. Cal. 2018) (citing, *inter alia*, *Reiter v. Cooper*, 507 U.S. 258, 265 (1993), *Wood v. GCC Bend, LLC*, 422 F.3d 873, 878 (9th Cir. 2005)). Entering final judgment on some claims and not others sets up the possibility of parties seeking iterative appellate review of different components of a case, which contravenes "historic federal policy against piecemeal appeals." *Reiter*, 507 U.S. at 265. For this reason, Courts must evaluate any request to enter partial judgment in light of the "interest of sound judicial administration." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 10 (1980). Substantial overlap in factual or legal issues among different claims weighs heavily against entering separate judgments. *Wood*, 422 F.3d at 882.

Here, Washington makes no effort to show how bifurcating this case satisfies these well-established standards or serves the interests of sound judicial administration. *See generally* Pl. Mot. at 1–3. Nor can it. This is not a case where entering partial summary judgment would shorten a trial, separate legal from factual questions, or meaningfully narrow the claims for resolution or liability of certain parties. *See, e.g.*, *Cont'l Airlines, Inc. v. Goodyear Tire &*

DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO EXPEDITE
Case No. 2:20-cv-00182-TOR

*Rubber Co.*, 819 F.2d 1519, 1525 (9th Cir. 1987).  Indeed, Washington's failure to articulate a clear cause of action related to section 1611 in its complaint—or to amend its complaint to address the provision after Defendants' briefs brought it to Washington's attention—makes it difficult to know how, if at all, resolving a dispute over the statute's applicability will simplify the case going forward.  Given that the Department explicitly discussed section 1611's bar in the Interim Final Rule Washington challenges, it appears highly likely that any briefing addressing the issue will, by extension, deal with the reasonableness of the Department's rulemaking.  And arguments about the reasonableness of the Department's rulemaking are profoundly intertwined with Washington's other merits claims.  Logic and orderly procedure dictates that intertwined claims be adjudicated together.  *See, e.g.*, *Wood*, 422 F.3d at 882; *United States v. 1.647 Acres (0.826 +/- Acres-E St. Corridor & 0.821+/- Acres-F St. Corridor) of Land, More or Less, Located in San Diego Cty., California*, No. 3:15-CV-01859-L-DHB, 2017 WL 1080665, at *2 (S.D. Cal. Mar. 22, 2017) (denying partial judgment on the pleadings where the judgment would resolve "some, but not all defenses").

Rather than addressing these matters, Washington simply regurgitates the arguments it made in seeking a preliminary injunction against applying section 1611 to funding distributed by the Department under the CARES Act.  *See* Pl. Mot. at 2–3.  But the Court rejected those arguments, finding that Washington had not shown that it is likely to succeed on the merits of its section 1611 argument, and explicitly stating that the preliminary injunction the Court entered "does not lift the restrictions of 8 U.S.C. § 1611(a)."  PI Order, ECF No. 31 at 36.  Thus, Washington has the clarity it seeks on this issue, it just doesn't like the answer.  Washington is of course entitled to litigate this issue at summary judgment, but there is no reason to do that so quickly after the Court's preliminary injunction decision, issued a mere two weeks ago.

In any event, a more orderly final merits resolution of this case need not take long. Although Washington has raised Constitutional claims in its Complaint, those claims are merely alternative legal theories for its primary challenge to the Department's actions under the Administrative Procedure Act.  *See generally* Compl. ¶¶ 84–104; *Cf.* PI Order at 30 (finding resolution of the Constitutional claims unnecessary in light of Washington's APA challenges).

1  Such challenges are properly resolved on the administrative record, without the need for
2  discovery. *See Nat'l Ass'n of Home Builders v. Norton*, 340 F.3d 835, 841 (9th Cir. 2003)
3  ("[R]eview of an agency decision is based on the administrative record and the basis for the
4  agency's decision must come from the record.").

5        The Department is prepared to submit the administrative record in this case by July 9,
6  2020. Consistent with this Court's Local Rule 7(c)(2), a briefing schedule for summary
7  judgment could then take the following form:

8      July 9, 2020:        Submission of Administrative Record
9      July 17, 2020:       Washington submits its motion for summary judgment
10     August 7, 2020:      Defendants submit their response to Washington's motion for
11                                 summary judgment and cross-motion
12     August 28, 2020:     Washington submits its combined response and reply
13     September 11, 2020:  Defendants submit their reply

14       This schedule is only seven weeks longer than the one Washington has proposed.
15 However, it avoids all the problems with Washington's schedule—and, moreover, it
16 accommodates the Defendants' interests in cross-moving for judgment on the claims Washington
17 has raised. Accordingly, Defendants respectfully request that the Court deny Washington's
18 pending motion, and instead enter the above schedule.

19       To facilitate this schedule, Defendants further request that the Court stay their obligation
20 to answer the complaint pending disposition of the parties' cross-motions for summary
21 judgment. Such an answer is unnecessary because this case presents only legal issues—and
22 because the complaint Washington has filed does not appear to properly notice all the causes of
23 action the state seeks to pursue. Further, answering Washington's 41-page complaint will detract
24 resources from compiling the record and briefing summary judgment on the expedited schedule
25 proposed above.

DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO EXPEDITE
Case No. 2:20-cv-00182-TOR

4

DATED: June 26, 2020

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General
MARCIA BERMAN
Assistant Director, Federal Programs Branch

/s/ Alexander V. Sverdlov
ALEXANDER V. SVERDLOV
  (New York Bar No. 4918793)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Tel. (202) 305-8550
alexander.v.sverdlov@usdoj.gov

*Attorneys for Defendants*

DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO EXPEDITE
Case No. 2:20-cv-00182-TOR

**CERTIFICATE OF SERVICE**

I hereby certify that on the 26th day of June, 2020, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing.

*/s/ Alexander V. Sverdlov*
ALEXANDER V. SVERDLOV