1  ROBERT W. FERGUSON
   *Attorney General*
2
3  SPENCER W. COATES, WSBA #49683
   R. JULY SIMPSON, WSBA #45869
   JEFFREY T. SPRUNG, WSBA #23607
4  PAUL M. CRISALLI, WSBA #40681
   *Assistant Attorneys General*
5  800 Fifth Avenue, Suite 2000
   Seattle, WA 98104-3188
6  (206) 464-7744

7             **UNITED STATES DISTRICT COURT**
              **EASTERN DISTRICT OF WASHINGTON**
8                    **AT SPOKANE**

9  STATE OF WASHINGTON,                NO. 2:20-cv-00182-TOR

10         Plaintiff,                  PLAINTIFF STATE OF
                                       WASHINGTON'S REPLY IN
11     v.                              SUPPORT OF ITS MOTION
                                       FOR PARTIAL SUMMARY
12 BETSY DeVOS, in her official        JUDGMENT
   capacity as Secretary of the United
13 States Department of Education, and NOTED FOR: JULY 21, 2020
   the UNITED STATES                   Without Oral Argument
14 DEPARTMENT OF EDUCATION, a
   federal agency,
15
         Defendants.
16

17

18

19

20

21

22

PLAINTIFF'S REPLY IN SUPPORT
OF ITS MOTION FOR PARTIAL
SUMMARY JUDGMENT
NO. 2:20-cv-00182-TOR

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................. 1

II. ARGUMENT ....................................................................................... 1

    A. The CARES Act's Statutory Indicators Overcome PRWORA's "Notwithstanding" Clause ............................................................ 1

    B. PRWORA Does Not Bar Distributing HEERF Funds to Noncitizens Because HEERF Funds Are Not Federal Public Benefits ........................................................................................ 5

III. CONCLUSION ................................................................................. 10

PLAINTIFF'S REPLY IN SUPPORT
OF ITS MOTION FOR PARTIAL
SUMMARY JUDGMENT
NO. 2:20-cv-00182-TOR

i

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

# TABLE OF AUTHORITIES

## Cases

*Bruesewitz v. Wyeth LLC*,
  562 U.S. 223 (2011) ................................................................................5

*Dep't of Homeland Sec. v. Regents of the Univ. of California*,
  140 S. Ct. 1891 (2020) .........................................................................2, 3

*Illinois Nat'l Guard v. Fed. Labor Relations Auth.*,
  854 F.2d 1396 (D.C. Cir. 1988) ..........................................................3, 4

*Ledezma-Galicia v. Holder*,
  636 F.3d 1059 (9th Cir. 2010) .................................................................2

*Mashiri v. Dep't of Educ.*,
  724 F.3d 1028 (9th Cir. 2013) .................................................................9

*New Jersey Air Nat'l Guard v. Fed. Labor Relations Auth.*,
  677 F.2d 276 (3d Cir. 1982) ....................................................................4

*Oakley v. Devos*,
  No. 20-cv-03215-YGR, 2020 WL 3268661 (N.D. Cal.
  June 17, 2020) ...............................................................................1, 6, 8

*Oregon Nat. Res. Council v. Thomas*,
  92 F.3d 792 (9th Cir. 1996) .....................................................................2

*Pimentel v. Dreyfus*,
  670 F.3d 1096 (9th Cir. 2012) .................................................................8

*RadLAX Gateway Hotel, LLC v. Amalgamated Bank*,
  566 U.S. 639 (2012) ................................................................................4

*Student Loan Fund of Idaho, Inc. v. U.S. Dep't of Educ.*,
  272 F.3d 1155 (9th Cir. 2001), *opinion amended on denial of reh'g sub nom.*
  *Student Loan Fund of Idaho, Inc. v. U.S. Dep't of Educ.*, 289 F.3d 599
  (9th Cir. 2002) ........................................................................................3

*United States v. Novak*,
  476 F.3d 1041 (9th Cir. 2007) .................................................................2

PLAINTIFF'S REPLY IN SUPPORT
OF ITS MOTION FOR PARTIAL
SUMMARY JUDGMENT
NO. 2:20-cv-00182-TOR

ii

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

**Statutes**

7 C.F.R. § 272.11 (2020) ................................................................................................9

8 U.S.C. § 1601 (2020) ..................................................................................................1

8 U.S.C. § 1601(2)(B) ...................................................................................................2

8 U.S.C. § 1611 ..............................................................................................................5

8 U.S.C. § 1611(c) .........................................................................................................5

8 U.S.C. § 1612(a)(2)(D)(ii) ..........................................................................................8

8 U.S.C. § 1642(d) (2020) ...........................................................................................10

20 U.S.C. § 1091(g) (2020) ..........................................................................................9

H.R. Rep. No. 104-651 (1996) ......................................................................................2

Pub. L. No. 116-136, 134 Stat. 281 § 18004 (Mar. 27, 2020) ................................6, 8

Pub. L. No. 116-136, 134 Stat. 281 § 18004(a)(1) (Mar. 27, 2020) ..........................4

Pub. L. No. 116-136, 134 Stat. 281 § 18004(c) (Mar. 27, 2020) ...............................4

**Other Authorities**

3 Shambie Singer, *Sutherland Statutes and Statutory Construction* § 63:10 (Interpretation of public grants) (8th ed. 2020) ....................................................4

Ellis G. Goldman, *Personal Responsibility and Work Opportunity Reconciliation Act of 1996*, U.S. Dep't of Housing and Urban Development (Jan. 16, 2001), https://www.hud.gov/sites/documents/DOC_38164.PDF (last visited July 21, 2020) ...........................................................................................7

HHS Notice, PRWORA; Interpretation of 'Federal Public Benefit,' 63 FR 41658, 1998 WL 435846 (Aug. 4, 1998) ...........................................6, 7, 8, 10

U.S. Dep't of Justice, "Interim Guidance on Verification of Citizenship, Qualified Alien Status and Eligibility Under Title IV of the Personal Responsibility and Work Opportunity Reconciliation Act of 1996," 62 FR 61344-02 (Nov. 17, 1997) .................................................................................10

PLAINTIFF'S REPLY IN SUPPORT
OF ITS MOTION FOR PARTIAL
SUMMARY JUDGMENT
NO. 2:20-cv-00182-TOR

iii

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

U.S. Dep't of Justice, et al., Joint Letter on Immigrant Access to Housing and Services (Aug. 5, 2016), https://www.hhs.gov/sites/default/files/Joint-Letter-August-2016.pdf (last visited July 21, 2020) ......................................................... 7

PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT NO. 2:20-cv-00182-TOR

iv

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

## I.   INTRODUCTION

In passing PRWORA, Congress aimed to disincentivize illegal immigration and reduce dependence on systems of long-term welfare. *See* 8 U.S.C. § 1601 (2020). That objective "does not apply" to HEERF, a "one-time federal funding allocation to address emergency needs during a national public health crisis." *Oakley v. Devos*, No. 20-cv-03215-YGR, 2020 WL 3268661, at *24 n.30 (N.D. Cal. June 17, 2020).

The Department's Opposition frequently misstates and misapplies both PRWORA and the CARES Act. Congress did not intend, in passing either statute, to prevent institutions of higher education that receive formula block grants from distributing funds in a way that best prevents disenrollment during an emergency. The CARES Act grants Washington's institutions discretion to disburse HEERF funds to the students they determine are most in need, and does not burden them with any immigration-related or verification requirements. Additionally, the CARES Act's specific provisions overcome any claim of PRWORA's general applicability. As a matter of law, the State's Motion should be granted.

## II.   ARGUMENT

### A.   The CARES Act's Statutory Indicators Overcome PRWORA's "Notwithstanding" Clause

PRWORA's use of a "notwithstanding clause" does not apply to HEERF funds because there are statutory indicators in both PRWORA and the CARES Act that overcome the use of that clause. Contrary to the Department's

PLAINTIFF'S REPLY IN SUPPORT
OF ITS MOTION FOR PARTIAL
SUMMARY JUDGMENT
NO. 2:20-cv-00182-TOR

1

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

arguments, ECF No. 52 at 13-17, this is not an argument that the CARES Act abrogates PRWORA; rather, it is about the breadth of a "notwithstanding" provision, which "can be overridden by other statutory indicators." *Ledezma-Galicia v. Holder*, 636 F.3d 1059, 1071 n.12 (9th Cir. 2010).

The "[Ninth Circuit] ha[s] repeatedly held that the phrase 'notwithstanding any other law' is not always construed literally." *Oregon Nat. Res. Council v. Thomas*, 92 F.3d 792, 796 (9th Cir. 1996). The "reach" of a "notwithstanding" clause is determined "by taking into account the whole of the statutory context in which it appears." *United States v. Novak*, 476 F.3d 1041, 1046 (9th Cir. 2007). Here, PRWORA was enacted to "limit[] lifetime welfare benefits," H.R. Rep. No. 104-651, at 3 (1996), to ensure the self-sufficiency of aliens, and to ensure that "the availability of public benefits not constitute an incentive for immigration to the United States," 8 U.S.C. § 1601(2)(B). By contrast, HEERF funds are one-time dispersals only available to students already enrolled in school and are not the type of public benefits that would incentivize illegal immigration. For example, many of the students the Department aims to disqualify are DREAMers. ECF No. 13, Yoshiwara Decl., at 7-8 ¶ 17. DREAMers were brought to the country illegally as children, "are 'productive' contributors to our society, and 'know only this country as home.' " *Dep't of Homeland Sec. v. Regents of the Univ. of California*, 140 S. Ct. 1891, 1901 (2020). DREAMers enroll in college to better their lives. DREAMers also contribute towards the money available for

PLAINTIFF'S REPLY IN SUPPORT
OF ITS MOTION FOR PARTIAL
SUMMARY JUDGMENT
NO. 2:20-cv-00182-TOR

2

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1   HEERF because they pay federal taxes. *Id*. at 1914 ("excluding DACA recipients
2   from the lawful labor force may . . . result in the loss of . . . $60 billion in federal
3   tax revenue over the next ten years."). Providing DREAMers with HEERF
4   funding is consistent with both PRWORA and the CARES Act because enabling
5   DREAMers to stay in school will result in those individuals ending the cycle of
6   poverty and becoming self-sufficient. *Id*.

7         Moreover, the CARES Act is a subsequently enacted, more specific
8   statute. "Notwithstanding" provisions "demonstrate[] that Congress intended to
9   supersede any *previously* enacted conflicting provisions." *Student Loan Fund of*
10  *Idaho, Inc. v. U.S. Dep't of Educ.*, 272 F.3d 1155, 1166 (9th Cir. 2001), *opinion*
11  *amended on denial of reh'g sub nom. Student Loan Fund of Idaho, Inc. v. U.S.*
12  *Dep't of Educ.*, 289 F.3d 599 (9th Cir. 2002) (emphasis added). The cases the
13  Department relies on to the contrary acknowledge that "notwithstanding" clauses
14  do not automatically apply to subsequently enacted laws. *Illinois Nat'l Guard v.*
15  *Fed. Labor Relations Auth.*, 854 F.2d 1396, 1403 (D.C. Cir. 1988) (quoting *New*
16  *Jersey Air Nat'l Guard v. Fed. Labor Relations Auth.*, 677 F.2d 276, 283 (3d Cir.
17  1982)) (stating that "[a]pplication of this [notwithstanding] statement is less
18  certain . . . with respect to [a later enacted statute]" and "drafters of [the earlier
19  statute] can hardly be said to have had the [later enacted statute] specifically
20  within their contemplation."). Here, the CARES Act was enacted decades after
21  PRWORA and in response to a once in a lifetime, economy-crushing pandemic.
22

PLAINTIFF'S REPLY IN SUPPORT
OF ITS MOTION FOR PARTIAL
SUMMARY JUDGMENT
NO. 2:20-cv-00182-TOR

3

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1    Further, the two cases relied on by the Department involved subsequently
2  enacted *more general* statutes and gave preference to the more specific statute,
3  *New Jersey Air Nat'l Guard*, 677 F.2d at 285-86; *Illinois Nat'l Guard*, 854 F.2d
4  at 1405, rather than the subsequently enacted *more specific* statute here. "It is a
5  commonplace of statutory construction that the specific governs the general."
6  *RadLAX Gateway Hotel, LLC v. Amalgamated Bank*, 566 U.S. 639, 645 (2012).
7  Thus, the general rule of ensuring self-sufficiency of aliens is overridden by the
8  specific instructions given by Congress in the CARES Act.

9    Those specific instructions include the requirement that the Secretary
10 "shall allocate" HEERF funds to institutions according to a precise formula that
11 includes the total number of "students" who are not exclusively distance learners.
12 Pub. L. No. 116-136, 134 Stat. 281 § 18004(a)(1) (Mar. 27, 2020). Thereafter,
13 institutions disburse a certain percentage of that money as grants to "students."
14 *Id. at* § 18004(c). This formula specifically excludes distance learners, but not
15 students ineligible under PRWORA. *Id*. at § 18004(a)(1). And yet, under the
16 Department's analysis, those "students" included for the allocation are "students"
17 excluded from receiving funds, a result antithetical to the canon of statutory
18 construction that "[i]dentical words used in different parts of the same, or a
19 similar, statute usually have the same meaning." 3 Shambie Singer, *Sutherland*
20 *Statutes and Statutory Construction* § 63:10 (Interpretation of public grants)
21 (8th ed. 2020).

22

PLAINTIFF'S REPLY IN SUPPORT
OF ITS MOTION FOR PARTIAL
SUMMARY JUDGMENT
NO. 2:20-cv-00182-TOR

4

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

The Department argues it is a "leap of logic" to say that a student counted for the purpose of allocating the funding should also be counted towards a student who is eligible for a portion of that funding. ECF No. 52 at 16. But the Department cites no basis for its contention that Congress's use of the term "full time equivalent" means those "students" are part of a "broader statistic." *Id*. In fact, Congress was precise in its language. Under (1)(A), the Secretary counts the "fulltime equivalent enrollment of Federal Pell Grant *recipients*"—which would exclude individuals ineligible under PRWORA—but under (1)(B) counts "fulltime equivalent enrollment of *students*"—which contains no immigration-related restrictions, they are simply counted towards the allocation.

Finally, the fact that the HEROES Act contains an explicit provision lifting § 1611's requirements for HEERF money does not show an intention that Congress intended PRWORA to apply here. First, "[p]ost-enactment legislative history (a contradiction in terms) is not a legitimate tool of statutory interpretation." *Bruesewitz v. Wyeth LLC*, 562 U.S. 223, 242 (2011). Second, this cuts against the Department because it shows that Congress did not intend § 1611 to apply to HEERF money and acted quickly to correct the Secretary's conduct.

**B.  PRWORA Does Not Bar Distributing HEERF Funds to Noncitizens Because HEERF Funds Are Not Federal Public Benefits**

The Department's Opposition frequently misconstrues PRWORA's structure and reach, and fails to show that either subsection of 8 U.S.C. § 1611(c) applies to HEERF. The Northern District of California correctly concluded that

PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT NO. 2:20-cv-00182-TOR

5

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

HEERF did not meet this statutory definition, and this Court should hold the same. *Oakley*, 2020 WL 3268661, at *16.

<u>First</u>, HEERF funds are not a "grant" within PRWORA's statutory definition. In its guidance on PRWORA, HHS stated "the term 'grant' in Part A refers to financial awards to individuals; it does not include so-called 'block grants' which are provided to states or localities[.]" HHS Notice, PRWORA; Interpretation of 'Federal Public Benefit,' 63 FR 41658, 41659, 1998 WL 435846 (Aug. 4, 1998) (HHS Notice). Assistance "generally targeted to communities" and does not "mandate ineligibility for individuals [who] do not meet certain criteria," like HEERF, is not a "federal public benefit." *Id*. at 41659.

HHS's reasoned interpretation of "grant" is far more persuasive than the Department's vague reference to dictionary definitions. ECF No. 52 at 7-8. HHS promulgated its Notice shortly after PRWORA's passage, was tasked by PRWORA to aid implementation of its restrictions, and administers many of PRWORA's most iconic programs, such as TANF and SNAP. By contrast, the Department fails to provide any other interpretation of "federal public benefits" by itself or other agencies that supports its limited construction, and does not have authority to "administer" Section 18004 or determine that PRWORA applies. The Northern District of California rightfully believed the HHS Notice was more applicable to HEERF than the Department's post-hoc rationalizations, and this Court should do the same. *Oakley*, 2020 WL 3268661, at *22.

PLAINTIFF'S REPLY IN SUPPORT
OF ITS MOTION FOR PARTIAL
SUMMARY JUDGMENT
NO. 2:20-cv-00182-TOR

6

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

Many federal agencies acknowledge that "many government-funded programs and services . . . are not considered 'federal public benefits'" and therefore "not limited" by PRWORA. U.S. Dep't of Justice, et al., Joint Letter on Immigrant Access to Housing and Services, at 1, 3 (Aug. 5, 2016), https://www.hhs.gov/sites/default/files/Joint-Letter-August-2016.pdf (last visited July 21, 2020). The State's Motion accordingly cited multiple grant programs that are *not* federal public benefits under PRWORA, which the Department ignores. *See* ECF 37 at 12-13; *see also* Ellis G. Goldman, *Personal Responsibility and Work Opportunity Reconciliation Act of 1996*, U.S. Dep't of Housing and Urban Development (Jan. 16, 2001), https://www.hud.gov/sites/documents/DOC_38164.PDF (last visited July 21, 2020) (explaining that "[g]rants under the Lead Hazard Control Program" are not a "federal public benefit" because they "are not provided directly to individuals, but to States and local governments."). These programs, many of which include block grants and are not addressed in any amendment to PRWORA, demonstrate that PRWORA's reach is not automatic to all federal spending programs.

Second, HEERF funds are not directed "to an individual, household, or family eligibility unit . . . ." HHS Notice at 41658. HHS advises that a "federal public benefit" "generally include[s] agreements or arrangements between Federally funded programs and *individuals*, such as research grants, student loans, or patent licenses." *Id.* at 41659 (emphasis added). HHS also notes: "unless

PLAINTIFF'S REPLY IN SUPPORT
OF ITS MOTION FOR PARTIAL
SUMMARY JUDGMENT
NO. 2:20-cv-00182-TOR

7

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1  the authorizing statutes require that the characteristics of these groups form the
2  basis for denial of services or benefits, these are not benefits" that go to eligibility,
3  and not federal public benefits to individuals. *Id*. The CARES Act does not have
4  an "eligibility unit" for individual students. *See Oakley*, 2020 WL 3268661, at
5  *15 ("HEERF relief is targeted toward IHEs to provide aid to their students, not
6  directed to individual eligibility units."). The Department's argument suggesting
7  HHS lacked authority to issue the Notice is baseless. ECF No. 52 at 11-12. HHS
8  had authority under PRWORA to assist in its implementation and HHS
9  "administers" a number of programs subject to the PRWORA. *See* ECF No. 37
10 at 9-10. By contrast, the Department does not "administer" HEERF and lacks
11 rulemaking authority for HEERF. ECF No. 31 at 8-9.

12 The Department's descriptions of the distribution system for HEERF funds
13 frequently ignore the institutional focus of Section 18004, which provides the key
14 distinction between HEERF and the individually-focused programs the
15 Department cites in their Opposition. ECF No. 52 at 8-9. *Pimentel v. Dreyfus*, for
16 instance, concerned the federal food stamp programs enshrined in SNAP, a
17 long-term welfare program provided directly to individuals, and a type of "federal
18 public benefit" explicitly covered by PRWORA. *Pimentel v. Dreyfus*, 670 F.3d
19 1096, 1099-1101 (9th Cir. 2012); *see also* 8 U.S.C. § 1612(a)(2)(D)(ii)
20 (PRWORA provision addressing food stamps). Nothing in *Pimentel* allows the
21 federal government to prevent institutional grantees from using their discretion
22

PLAINTIFF'S REPLY IN SUPPORT
OF ITS MOTION FOR PARTIAL
SUMMARY JUDGMENT
NO. 2:20-cv-00182-TOR

8

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

to spend certain grant funds on noncitizens.

Moreover, the Department's offhand comparison of HEERF funds to Title IV federal student loans defies logic and its own prior statements. ECF No. 52 at 13. The Department already stated that it does not consider HEERF funds to be federal financial aid. *See* ECF No. 6-1, Ex. C ("The Secretary does not consider these individual emergency financial aid grants to constitute Federal financial aid under Title IV of the HEA."). This provides the key distinction between this case and *Mashiri*, which concerned federal Stafford loans, another individually-focused federal program of long-term dependence that specifically conditions federal financial aid on a student's immigration status. *Mashiri v. Dep't of Educ.*, 724 F.3d 1028, 1032 (9th Cir. 2013).

To that end, the Department's argument that HEERF funds are "cash payments" is irrelevant because the grants are directed to institutions from congressionally-appropriated funds—not to individuals. ECF No. 52 at 11. If Congress viewed HEERF funds as individually-focused cash benefits, it could have instilled an immigration status verification requirement, as it does for SNAP, federal student loans, and other programs explicitly subject to PRWORA. *See, e.g.*, 7 C.F.R. § 272.11 (2020) (requiring state agencies to "verify the eligible status of all aliens applying for SNAP benefits"); 20 U.S.C. § 1091(g) (2020) (Title IV requirement to verify immigration status for federal student loans). *See generally* U.S. Dep't of Justice, "Interim Guidance on Verification of

PLAINTIFF'S REPLY IN SUPPORT
OF ITS MOTION FOR PARTIAL
SUMMARY JUDGMENT
NO. 2:20-cv-00182-TOR

9

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

Citizenship, Qualified Alien Status and Eligibility Under Title IV of the Personal Responsibility and Work Opportunity Reconciliation Act of 1996," 62 FR 61344-02 (Nov. 17, 1997) (DOJ Guidance). But Congress did not do this. Instead, as Secretary DeVos noted, it provided institutions with "significant discretion on how to award this emergency assistance to students," noting "each institution may develop its own system and process for determining how to allocate these funds, which may include distributing the funds to *all* students or only to students who demonstrate significant need." ECF No. 6-1, Ex. B (emphasis added).

Finally, the verification requirement is key to PRWORA's application. PRWORA itself explicitly provides that nonprofit charitable organizations—which include "educational organizations"—that implement federal programs are not required to verify immigration status, and cannot be punished for distributing benefits to noncitizens. 8 U.S.C. § 1642(d) (2020); DOJ Guidance, 62 FR at 61345-46. Likewise, the Department cannot punish institutional recipients of HEERF funds for exercising their "significant discretion" to disperse assistance to its noncitizen students. *See* HHS Notice at 41660 ("Programs that are primarily designed to target and provide services to communities should not be burdened with new verification procedures merely because they may include some services that flow more directly to the individual, household or family.").

### III. CONCLUSION

For the foregoing reasons this Court should grant the State's Motion.

PLAINTIFF'S REPLY IN SUPPORT
OF ITS MOTION FOR PARTIAL
SUMMARY JUDGMENT
NO. 2:20-cv-00182-TOR

10

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

RESPECTFULLY SUBMITTED this 21st day of July 2020.

ROBERT W. FERGUSON
Attorney General of Washington


*/s/ Spencer W. Coates*
SPENCER W. COATES, WSBA #49683
R. JULY SIMPSON, WSBA #45869
JEFFREY T. SPRUNG, WSBA #23607
PAUL M. CRISALLI, WSBA #40681
Assistant Attorneys General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744
spencer.coates@atg.wa.gov
july.simpson@atg.wa.gov
jeff.sprung@atg.wa.gov
paul.crisalli@atg.wa.gov
*Attorneys for Plaintiff State of Washington*

PLAINTIFF'S REPLY IN SUPPORT
OF ITS MOTION FOR PARTIAL
SUMMARY JUDGMENT
NO. 2:20-cv-00182-TOR

11

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

## **DECLARATION OF SERVICE**

I hereby declare that on this day I caused the foregoing document to be electronically filed with the Clerk of the Court using the Court's CM/ECF System which will serve a copy of this document upon all counsel of record.

DATED this 21st day of July 2020, at Seattle, Washington.

*/s/ Spencer W. Coates*
SPENCER W. COATES, WSBA #49683
Assistant Attorney General

PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT
NO. 2:20-cv-00182-TOR

12

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744